## Zahorchak v. Neshannock Township School District

*Joshua D. Lamancusa,* for petitioners.
*Jonathan Solomon,* for respondents.

HODGE, *J.,* December 1, 2006—Before the court is a petition for review filed by Gary and Susan Zahorchak, parents of Shari Zahorchak, and Shari Zahorchak, a student at the Neshannock Township School District in school year 2005-2006.

This court has heard argument from counsel based upon the certification of the record filed by the respondent, Neshannock Township School District, pursuant to the Administrative Agency Law, 2 Pa.C.S. §754(b), which provides as follows:

"In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of subchapter B of chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. §706 (relating to disposition of appeals)."

The certification of the record filed by the Neshannock Township School District, consists of the following:

(1) Notes of testimony of the expulsion hearing held Monday, April 10, 2006;

(2) Adjudication dated April 12, 2006; and

(3) Notice of adjudication dated April 3, 2006.

The factual background for this case is developed in the petition for review and the briefs filed by both counsel, and can be summarized as follows.

Petitioners, Gary and Susan Zahorchak, are the parents of a minor, Shari Zahorchak (also a named petitioner herein), who is a student at the Neshannock Township School District in school year 2005-2006.

On March 28, 2006, Shari Zahorchak had in her possession, a flammable liquid device believed to be napalm, enclosed in two lip-gloss containers and a fingernail polish bottle, as more fully set forth in the notice of charg-

es dated April 5, 2006, as attached to the petition for review filed by the petitioners. The notice of charges sets forth various charges of which the Neshannock Township School District Board of Directors was convened to consider the issue of whether the student should be expelled from school for violations of Pennsylvania law and the applicable student discipline code.

On April 10, 2006, there was an adjudication hearing held in the board room of Neshannock Township School District to consider the charges set forth in the notice of charges. On April 12, 2006, the Neshannock Township School District Board of Directors found the student guilty of all charges as alleged in the notice of charges and expelled her for a period of one year.

The petitioners have filed the petition for review, under the Administrative Agency Law, 2 Pa.C.S. §754(b), seeking review of the school district adjudication of April 12, 2006, for the following reasons:

(1) The findings contained therein are not in accordance with Pennsylvania law;

(2) The findings contained therein are not supported by substantial evidence; and

(3) School Board Police 218.1 Weapons is overbroad, void for vagueness and does not provide adequate notice of prohibited conduct.

Based on the April 10, 2006 hearing of the Neshannock Township Board of School Directors, and contained in the transcript of the notes of testimony as hearing exhibit no. 1, is the notice of charges and hearing in re the expulsion of student Shari Zahorchak dated April 5, 2006.

The charges listed in the notice of charges consist of the following:

(1) Incendiary device, pursuant to 18 Pa.C.S. §7306;

(2) Risking catastrophe, pursuant to 18 Pa.C.S. §3302(b);

(3) Recklessly endangering another person, pursuant to 18 Pa.C.S. §2805; and

(4) Possession of weapon on school property, pursuant to 24 P.S. 13-1317.2 and 18 Pa.C.S. §912.

Upon the petitioners' filing the petition for review, a writ of certiorari was issued on May 12, 2006 by the Prothonotary of Lawrence County to the Neshannock Township School District, directing the filing of the certification of record, which certification of record was duly filed by the Neshannock Township School District solicitor on June 12, 2006.

The court will consider each of the charges against the student and the arguments of counsel in regard to each.

The allegations pertaining to violation of the Pennsylvania Crimes Code, incendiary device, 18 Pa.C.S. §7306, are summarized as follows:

"On Tuesday, March 28, 2006, student Shari Zahorchak did possess at the Neshannock Junior-Senior High School, by purchase from another student, namely, M.B., incendiary devices, namely, an inflammable liquid consisting of a mixture of gasoline and dish soap enclosed in two lip-gloss containers, and a finger nail polish bottle, which are readily breakable containers that can be equipped with a lighter of any type. Student Shari Zahorchak also had matches in her possession that day.

"The offense of possession and sale of incendiary devices is a misdemeanor of the first degree under 18 Pa.C.S. §7306." Notice of charges, page 1.

The Pennsylvania Crimes Code, 18 Pa.C.S. §7306, defines incendiary devices as follows:

"(1) *Offense defined*—A person is guilty of a misdemeanor of the first degree if he owns, manufactures, sells, transfers, uses or possesses any incendiary device or similar device or parts thereof, including but not limited to a 'Molotov cocktail.'

"(2) *Exceptions*—The provisions of subsection (a) of this section shall not apply to authorized personnel of the United States, the Commonwealth or any political subdivision, who use incendiary devices as part of their duties.

"(3) *Definition*—As used in this section the phrase 'incendiary device,' means any inflammable liquid enclosed in a readily breakable container that can be equipped with an igniter of any type."

Petitioners argue in their brief that the findings of the board are not in accordance with Pennsylvania law nor are they supported by substantial evidence, specifically, that no testimony was ever presented as to whether or not the plastic lip-balm containers were readily breakable. The argument is further made that the only testimony regarding the containers themselves was Officer Carlo's statement that one could easily open the container "by unscrewing the top." N.T. 64. Officer Carlo admitted that neither of the containers were fitted with an igniter of any kind, nor was there any testimony as to how an igniter could be affixed. N.T. 72. Petitioner argues that Officer Carlo's numerous statements constitute an erroneous legal conclusion that any type of "gasoline substance" is an incendiary device. N.T. 7.

The respondent argues that a flammable liquid was enclosed in a readily breakable container that can be equipped with an igniter of any type. Furthermore, respondent cites the court to the testimony of Officer Carlo, that gasoline burns instantly and that mixed with the gel, maintains a flame. N.T. 63.

In response to petitioners' argument that there is no proof that the containers were readily breakable, respondent argues that the lip-balm containers were hardly hermetically sealed, were giving off the odor of gasoline, and the top was easily removable.

Both *parties* have referred the court to the case of *Commonwealth v. Gallagher,* wherein the Superior Court held that gasoline-breakable plastic trashcans, through which high resistant wires were run, were incendiary devices. 276 Pa. Super. 593, 419 A.2d 616 (1980).

Having reviewed the statutory authority, the appellate authority of *Commonwealth v. Gallagher,* and in accordance with the standard of review set forth for the court in the Administrative Agency Law, 2 Pa.C.S. §754(b), the court finds that the respondent's adjudication on the charge of possession of an incendiary device is supported by the evidence in this case. That is to say, that the lip-balm containers were capable of coming open and thus were readily breakable, and that the canisters could hardly serve any purpose other than to be an incendiary device. Accordingly, this court is satisfied that there is sufficient evidence to support the respondent's adjudication under the incendiary device statute.

The next violation charged was risking catastrophe, 18 Pa.C.S. §3302(b), consisting of the following statement:

"On Tuesday, March 28, 2006, student Shari Zahorchak did recklessly create a risk of catastrophe in the employment of a harmful substance, namely and having in her possession in a public high school building, during the school day, containers of a flammable substance consisting of gasoline and dish soap, enclosed in two lip-gloss containers and fingernail polish bottle and in purchasing the lip-gloss containers and the fingernail polish bottle from a fellow student, namely M.B., while inside the school building, and while school was in session.

"The offense of risking catastrophe is a felony of the third degree under 18 Pa.C.S. §3302(b)." Notice of charges, page 2.

Pennsylvania Crimes Code defines at 18 Pa.C.S. §3302, causing or risking catastrophe as follows:

"(1) *Causing catastrophe*—A person who causes a catastrophe by explosion, fire, flood, avalanche, collapse of building, release of poison gas, radioactive material or other harmful or destructive force or substance, or by any other means of causing potentially widespread injury or damage, including selling, dealing in or otherwise providing licenses or permits to transport hazardous materials in violation of 75 Pa.C.S. ch. 83 (relating to hazardous materials transportation), commits a felony of the first degree if he does so intentionally or knowingly, or a felony of the second degree if he does so recklessly.

"(2) *Risking catastrophe*—A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section."

The court notes that the student was charged only with 3302(b), risking catastrophe, a felony of the third degree.

The respondent refers the court to the Pennsylvania Bar Institute's Standard Criminal Charge 15.3302(b), which defines catastrophe as a "situation capable of causing widespread injury or damage, regardless of whether such injury or damage actually occurs."

Petitioner concedes that, for purposes of this charge, the student's possession of a small amount of gasoline in school constituted reckless behavior, but that it is legally and factually impossible to find that her possession, of the gasoline mixture in the manner in which she possessed it, created a substantial risk exposing society to an extraordinary disaster. Petitioner's argument is that the mixture itself is flammable but not without an outside source of ignition. N.T. 59. Petitioner further refers the court to the testimony of Officer Carlo, that the mixture was not an explosive nor was it fitted with an igniter of any kind. N.T. 70, 72. Petitioner further argues that the total volume of the gasoline mixture contained in both lip-balm containers was less than two ounces, and that based upon (1) the gasoline mixture itself; (2) the quantity of the mixture; and (3) the fact that it was sealed and kept in the student's purse, that none of the above factors created the potential for an extraordinary disaster.

In addition, the petitioner refers the court to the letter that was sent to the parents of students in the school district from the Superintendent of Schools, Dr. Todora, that at no time were the children in any danger. Student exhibit A.

The respondent correctly points out that Superior Court of Pennsylvania has stated that the only requirement is

that the facts surrounding a given situation have the potential to cause a catastrophe. See *Commonwealth v. Salamone,* 897 A.2d 1209 (Pa. Super. 2006) (wherein defendant's conduct in piloting of airplane for four hours around major urban international airport and surrounding populated areas under the influence of alcohol and valium constituted "means" required for causing potentially widespread injury or damage, as would support conviction for risking catastrophe).

In addition, the court notes the case of *Commonwealth v. Scott,* where the Superior Court decided against convicting the defendant of risking catastrophe. 409 Pa. Super. 313, 597 A.2d 1220 (1991). In that case, there was circumstantial evidence that the defendant was present inside of a residence moments before a fire, and she squirted lighter fluid on her boyfriend while on the premises. *Id.* The Superior Court held that proof that the defendant squirted lighter fluid at her boyfriend, without proof that she thereafter intended to and did set the liquid on fire, was insufficient under the circumstances to convict the defendant of risking catastrophe, where the Commonwealth had based the charge on supposed proof that defendant started the fire. *Id.* The record contained no proof from which the fact-finder could conclude that defendant, by squirting lighter fluid and leaving the room, consciously created a risk of widespread destruction that exposed society to extraordinary disaster.

The court finds that the respondent's adjudication on the charge of risking catastrophe is not supported by the evidence, based upon the court's review of the testimony, the exhibits offered into evidence, and the applicable case law. The instant facts are distinguishable from *Commonwealth v. Salamone, supra,* and more analogous to

*Commonwealth v. Scott,* in that the court finds that the student's conduct (although reckless, see court's analysis of recklessly endangering another person discussed *infra*) was insufficient under the surrounding circumstances. A total volume of gasoline mixture contained in both lip-balm containers amounting to less than two ounces does not rise to the "means" required for causing potentially widespread injury or damage, as would support conviction for risking catastrophe.

The third violation charged was recklessly endangering another person, 18 Pa.C.S. §2805, containing the following allegation:

"On Tuesday, March 28, 2006, student Shari Zahorchak did recklessly engage in conduct which may have placed another person, namely, her fellow students at Neshannock Junior-Senior High School, in danger of serious bodily injury in that she did have in her possession in the school building, while school was in session, and purchased from fellow student M.B., containers of flammable mixture of gasoline and dish soap, as described above, which containers were readily breakable and could be equipped with an ignition of any type.

"The offense of recklessly endangering another person is a misdemeanor of the second degree under 18 Pa.C.S. §2705." Notice of charges, page 2.

Respondent's evidence was that the student had no legitimate purpose to be carrying around the school two containers of homemade napalm. In addition, the student had a cigarette lighter in her purse along with the canisters. The canisters could be propelled as a dangerous object by merely unscrewing the top and igniting the contents with a cigarette lighter or match. N.T. 63.

Pennsylvania Crimes Code, 18 Pa.C.S. §2705, defines recklessly endangering another person as follows:

"A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury."

Petitioner argues that the findings of the school board are not in compliance with Pennsylvania law nor are they supported by substantial evidence, in that the gasoline mixture, as possessed by the student, did not have the actual ability to place another person in danger of death or serious bodily injury.

The Superior Court of Pennsylvania has held that the common-law assault requirement of actual present ability to inflict harm must be shown in order to support a conviction under the recklessly endangering statute. See generally, *Commonwealth v. Trowbridge,* 261 Pa. Super. 109, 395 A.2d 1337 (1978); *Commonwealth v. Gouse,* 287 Pa. Super. 121, 429 A.2d 1129 (1981) (the mere apparent ability to inflict harm is not sufficient to warrant a conviction of recklessly endangering another person).

The court finds that the respondent's adjudication in finding the student guilty of the charge of recklessly endangering another person is supported by competent evidence, based upon review of the transcript of the notes of testimony, the statutory definition of recklessly endangering, and the applicable case law. Although the lip-balm containers remained in the student's purse at all relevant times, the court has already made a finding, in regards to the incendiary device charge, *discussed supra,* that the containers were capable of coming open and thus

were readily breakable. The court re-emphasizes that the student's canisters, whether they be possessed inside or outside of her purse, could hardly serve any purpose other than to be an incendiary device. Accordingly, the court is satisfied that the containers had the actual present ability to place another person in danger of death or serious bodily injury to support a conviction under the recklessly endangering statute.

The final violation charged was the possession of a weapon on school property, 24 P.S. 13-1317.2 and 18 Pa.C.S. §912. The specific charge sets forth as follows:

"On Tuesday, March 28, 2006, student Shari Zahorchak, did possess a weapon at the Neshannock Junior-Senior High School, namely, the above-described containers of a mixture of gasoline and dish soap, which . . . are capable of inflicting serious bodily injury as defined at 18 Pa.C.S. §912(a).

"The offense of possession of a weapon on school property is a misdemeanor of the first degree (18 Pa.C.S. §912). Under 24 P.S. 13-1317.2, the student's possession of such a weapon on school property is prohibited and requires the student's expulsion for a period of not less than one year." Notice of charges, pages 2-3.

Pennsylvania statute, 24 P.S. 13-1317.2, states in relevant part as follows:

"*Possession of weapons prohibited*

"(a) Except as otherwise provided in this section, a school district or area vocational-technical school shall expel, for a period of not less than one year, any student who is determined to have brought onto or is in possession of a weapon on any school property, any school-

sponsored activity or any public conveyance providing transportation to a school or school-sponsored activity.

"(b) Every school district and area vocational-technical school shall develop a written policy regarding expulsions for possession of a weapon as required under this section. Expulsions shall be conducted pursuant to all applicable regulations.

"(c) The superintendent of a school district or an administrative director of an area vocational-technical school may recommend modifications of such expulsion requirements for a student on a case-by-case basis. The superintendent or other chief administrative officer of a school entity shall, in the case of an exceptional student, take all steps necessary to comply with the Individuals with Disabilities Education Act (Public Law 91-230, 20 U.S.C. §1400 et seq.).

"(d) The provisions of this section shall not apply to the following:

"(1) a weapon being used as part of a program approved by a school by an individual who is participating in the program; or

"(2) a weapon that is unloaded and is possessed by an individual while traversing school property for the purpose of obtaining access to public or private lands used for lawful hunting, if the entry on school premises is authorized by school authorities.

"(e) Nothing in this section shall be construed as limiting the authority or duty of a school or area vocational-technical school to make an alternative assignment or provide alternative educational services during the period of expulsion.

"(e.1) A school district receiving a student who transfers from a public or private school during a period of expulsion for an act or offense involving a weapon may assign that student to an alternative assignment or provide alternative education services, provided that the assignment may not exceed the period of expulsion.

"(f) All school districts and area vocational-technical schools shall report all incidents involving possession of a weapon prohibited by this section as follows:

"(1) The school superintendent or chief administrator shall report the discovery of any weapon prohibited by this section to local law enforcement officials.

"(2) The school superintendent or chief administrator shall report to the Department of Education all incidents relating to expulsions for possession of a weapon on school grounds, school-sponsored activities or public conveyances providing transportation to a school or school-sponsored activity. Reports shall include all information as required under section 1303-A.

"(g) As used in this section, the term 'weapon' shall include, but not be limited to, any knife, cutting instrument, cutting tool, nunchaku, firearm, shotgun, rifle and any other tool, instrument or implement capable of inflicting serious bodily injury."

Pennsylvania statute, 18 Pa.C.S. §912, states in relevant part as follows:

"*Possession of weapon on school property*

"(a) *Definition*—Notwithstanding the definition of 'weapon' in section 907 (relating to possessing instruments of crime), 'weapon' for purposes of this section shall include but not be limited to any knife, cutting instrument, cutting tool, nunchuck stick, firearm, shotgun,

rifle and any other tool, instrument or implement capable of inflicting serious bodily injury.

"(b) *Offense defined*—A person commits a misdemeanor of the first degree if he possesses a weapon in the buildings of, on the grounds of, or in any conveyance providing transportation to or from any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school.

"(c) *Defense*—It shall be a defense that the weapon is possessed and used in conjunction with a lawful supervised school activity or course or is possessed for other lawful purpose."

For a conviction to be proven of possession of weapon on school property, two elements are necessary:

"(1) That the accused possessed a weapon; and

"(2) That the accused possession was within the building or grounds of an educational institution."

Respondent's argument is that the devices were implements capable of inflicting serious bodily injury, in that the containers quickly can burn from the outside, even if it was left unopened. Testimony developed at the hearing was that the addition of gel to the gasoline increases burning temperature and makes the substance burn longer. In addition, the gel renders the contents sticky, and if thrown and the contents spill out, will stick to the victims skin or clothing, and make a more severe burn than mere gasoline. N.T. 60-62.

Petitioners argue that the finding of guilt to the charge of possession of weapon on school property is not supported by substantial evidence, as the containers pos-

sessed by the student were not capable of inflicting serious bodily injury. The petitioners' argument is that the mixture, in and of itself, could not burn or cause serious bodily injury if it came into contact with another person, and that there is no evidence to support a conclusion or inference that the substance itself was capable of serious bodily harm. Petitioners further argue that the possession of an item without a legitimate reason does not mean that such possession is criminal in nature, and that no evidence exists in the record whereby the board could have concluded that the mixture met requisite statutory requirements of weapons per the Pennsylvania statute.

In the case of *M.H.M.,* the Superior Court of Pennsylvania heard the appeal of an adjudication and dispositional order from York County, pertaining to the possession of a carbon dioxide-powered paintball gun on school property. 864 A.2d 1251 (Pa. Super. 2004). In that case, the court held that a carbon dioxide-powered paintball gun is a "weapon" within meaning of statute providing that a person commits a misdemeanor of the first degree if he possesses a "weapon" in the buildings of or on the grounds of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education, or any elementary or secondary parochial school. *Id.;* 18 Pa.C.S. §912.

The court finds that the respondent's adjudication in finding the student guilty of the charge of possessing a weapon on school property is supported by competent evidence, based upon review of the transcript of the notes of testimony, the relevant statutory definitions cited *infra,* and the applicable case law. The court has already made a finding, in regards to the recklessly endangering charge,

*discussed supra,* that the lip-balm containers had the actual present ability to place another person in danger of death or serious bodily injury. The term "weapon" shall include any instrument or implement capable of inflicting serious bodily injury. Accordingly, the court is satisfied that the containers constituted a "weapon" to support a conviction under the statutory definitions of 18 Pa.C.S. §912 as well as 24 P.S. 13-1317.2.

ORDER

And now, December 1, 2006, based upon review of the transcript of the notes of testimony, arguments of counsel, the relevant statutory definitions and the applicable case law cited *infra,* and in accordance with the standard of review set forth for the court in the Administrative Agency Law, 2 Pa.C.S. §754(b), it is ordered, adjudged, and decreed as follows.

(1) The Neshannock Township School District/respondent's adjudication on the charge of possession of an incendiary device is supported by the evidence in this case, pursuant to 18 Pa.C.S. §7306, in that the lip-balm containers were capable of coming open and thus were readily breakable, and that the canisters could hardly serve any purpose other than to be an incendiary device.

(2) The Neshannock Township School District/respondent's adjudication on the charge of risking catastrophe is not supported by the evidence in this case, pursuant to 18 Pa.C.S. §3302(b), in that the student's possession of gasoline mixture contained in both lip-balm containers amounting to less than two ounces, among other relevant factors, fully discussed in the accompanying opinion,

does not rise to the "means" required for causing potentially widespread injury or damage, as would support conviction for risking catastrophe.

(3) The Neshannock Township School District/respondent's adjudication on the charge of recklessly endangering another person is supported by the evidence in this case, pursuant to 18 Pa.C.S. §2805, in that the containers had the actual present ability to place another person in danger of death or serious bodily injury to support a conviction under the recklessly endangering statute.

(4) The Neshannock Township School District/respondent's adjudication on the charge of possession of a weapon on school property is supported by the evidence in this case, pursuant to 24 P.S. 13-1317.2 and 18 Pa.C.S. §912, in that the term "weapon" shall include any instrument or implement capable of inflicting serious bodily injury to support a conviction under the relevant statutes, fully discussed in the accompanying opinion.

(5) Pursuant to 24 P.S. 13-1317.2(e), as well 22 Pa. Code 12.6, 12.7 and 12.8, nothing in this order shall be construed as limiting the authority or duty of the Neshannock Township School District to make an alternative assignment or provide alternative educational services to the student during the period of expulsion.

(6) The period of expulsion shall terminate at the expiration of the 2006-2007 school year.

(7) The prothonotary shall properly serve notice upon counsel of record and any party not represented by counsel.